**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACKIE SKUSENAS, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a Texas limited liability partnership, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Linebarger, Goggan, Blair & Sampson, LLP ("LGBS").

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business and has an office within this District.

**PARTIES**

6. Plaintiff is a resident of the Northern District of Illinois.

7. Defendant LGBS is a limited liability partnership organized under Texas law with offices at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606.

8. Defendant LGBS regularly uses the mails and telephone system to collect alleged consumer debts originally owed to others, including health care debts allegedly owed to the Cook County Hospitals.

9. Defendant LGBS states on its web site (http://www.publicans.com) that "The firm is now a major player in public-sector collections, serving over 1,900 clients from offices in Colorado, Delaware, Florida, Illinois, Maryland, Missouri, Nevada, Ohio, Pennsylvania, Tennessee, Texas, and Virginia." The debts collected include "Hospital/Emergency Medical Services-Ambulance Collections."

10. Defendant LGBS stated in a document prepared for the General Services Administration (www.gsaadvantage.gov/ref_text/.../GS23F0159L_online.htm ) that "Linebarger Goggan Blair & Sampson, LLP is a law practice with a singular focus: helping governmental entities improve their collections. The firm collects a variety of receivable types for its clients, including current and delinquent taxes, fees, fines, liens, tolls, and healthcare, just to name a few. . . . ."

11. Defendant LGBS is a debt collector as defined in the FDCPA.

**FACTS**

12. On or about December 3, 2010, LBGS sent plaintiff the letter attached as Exhibit A. Plaintiff received it shortly thereafter.

13. The alleged debt arose from an incident in which plaintiff visited the emergency room at Stroger Hospital, feeling dizzy. Although she waited four to five hours, no one was available to see her. At the end of that time, feeling able to do so, she left. Thereafter she was dunned for $100.52. When plaintiff orally disputed the debt, she was informed that it was for "blood work"; however, no blood had been taken from plaintiff. Insofar as plaintiff can determine, no debt

is owed as a result of her encounter with the Cook County health care system.

## VIOLATION ALLEGED

14.     Exhibit A states that failure to pay may result in the State's Attorney approving "litigation as the means to collect this debt" and that such litigation "may result in a judgment being taken against you personally, a lien being attached to your property, as well as the garnishment of your wages and/or seizure of your bank accounts."

15.     Cook County does not sue to collect $100 hospital bills. On information and belief, based on a computer search of court dockets, Cook County has not sued to collect any hospital bills from individual patients at least as far back as 2006.

16.     Even if suits were filed and judgments obtained, the list of dire consequences in Exhibit A is false and misleading because there are substantial exemptions for property, wages and bank accounts. In the absence of any lawsuits, it is nothing more than a false representation calculated to intimidate the recipient.

17.     Exhibit A therefore violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5) and 1692e(10).

18.     Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character . . . legal status of any debt; . . .**
>
> **(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
>
> **(5)     The threat to take any action that cannot legally be taken or**

>**that is not intended to be taken. . . .**
>
>**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

19.  Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) to whom a letter in the form represented by <u>Exhibit A</u> was sent (c) to collect an alleged health care debt owed as a result of a visit to or services allegedly performed by the Cook County Hospital system (d) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

20.  The class is so numerous that joinder is impracticable.  Plaintiff's counsel estimates, based on prior litigation against defendant, that there are at least 1,000 members of the class.

21.  There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> complies with the FDCPA.

22.  Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

23.  Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

24.  A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

>(1)  Statutory damages;
>
>(2)  Attorney's fees, litigation expenses and costs of suit;

(3)	Such other or further relief as the Court deems proper.


						s/Daniel A. Edelman
						Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

5

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)