IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE SKUSENAS, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | 10-cv-8119 |
| Plaintiff, | ) | |
| | ) | Judge Darrah |
| vs. | ) | |
| | ) | Magistrate Judge Cox |
| LINEBARGER GOGGAN BLAIR & | ) | |
| SAMPSON, LLP, a Texas limited liability | ) | |
| partnership, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL ORDER OF CLASS SETTLEMENT AGREEMENT

Plaintiff, Jackie Skusenas ("Plaintiff"), on behalf of herself and a Class, respectfully requests that the Court enter an order (i) granting preliminary approval of the proposed Class Settlement Agreement ("Agreement") between Plaintiff and Defendant, attached hereto as Exhibit 1, (ii) approving the form of the Class notice attached to the Agreement as Exhibit A, (iii) designating Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel, and (iv) setting dates for opt-outs, objections, and a hearing for final approval.

In support of this motion, Plaintiff states as follows:

1. Plaintiff filed suit asserting claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in connection with a form letter Defendant sent regarding the Cook County Hospital System.

2. Defendant denies liability to Plaintiff and the class for the claims alleged in this case, but to avoid the cost of continuing litigation, considers it desirable that the action and the alleged claims be settled, upon the terms and conditions set forth in the Class Settlement Agreement ("Agreement") executed by the parties, attached hereto as Exhibit 1.

3.      The complaint attached hereto as <u>Exhibit 2</u>, defines the proposed settlement class as (a) all natural persons (b) to whom a letter in the form represented by <u>Exhibit A</u> to the Complaint was sent (c) to collect an alleged health care debt owed as a result of a visit to or services allegedly performed by the Cook County Hospital system (d) which letter was sent on or after December 22, 2009 and on or before January 11, 2011.

The class as so defined contains approximately 38,000 individuals.

4.      Counsel for the Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.  Based upon their review and analysis, and after arms-length negotiations, Plaintiff and Defendant entered into the Agreement.

5.      Pursuant to the Agreement, Defendants have agreed to the following settlement:

(a)      Defendant shall establish a Class Fund of $88,000.00, to be distributed amongst the class members who timely return a claim form. Defendant estimates the number of class members is approximately 38,000.

(b)      Defendant shall pay Plaintiff $2,000.00 in settlement of her claims and for her role as Class Representative. Defendant agrees to release Plaintiff's Cook County Hospital Debt.

(c)      <u>Attorneys' Fees</u>.  Subject to court approval, class counsel will receive $45,000.00 in attorney fees, costs, and expenses;

(d)      <u>Class Notice</u>.  Defendant shall send at its own expense notice to the class and shall pay a third party administrator to administer the settlement checks.

6.      Defendant disclosed information relevant to the requirements of FED. R. CIV. P.23, including the size of the putative Class, which the parties have relied upon in reaching the Agreement and in bringing this motion.  Based upon the size of the Class, and the disputed

nature of Plaintiff's claim, the parties believe that the terms of the Agreement are fair and reasonable and that the proposed Agreement meets all of the requirements of Rule 23:

a.   Numerosity.   As noted above, there are approximately 38,000 persons who fall within the definition of the Class.   Such a number is sufficient to satisfy the numerosity requirement of Rule 23(a)(1).   *See Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 624 (5th Cir. 1999) (*citing*, 1 Newberg on Class Actions § 3.05, at 3-25 (3d ed. 1992) (suggesting that any class consisting of more than forty members "should raise a presumption that joinder is impracticable")).

b.   Commonality.   "The threshold requirements of commonality and typicality [under Rule 23(a)(2) and (3)] are not high."   *Shipes v. Trinity Industries*, 987 F.2d 311, 316 (5th Cir. 1987); *see also Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).   The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact.   *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992).   In the present case, all Class members were mailed the same form letter that is identical or substantially similar to the form represented by Exhibit A to Plaintiff's Complaint.   Plaintiff and the Class are therefore united by that common issue.

c.   Typicality.   The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the reasons that the "commonality" requirement of Rule 23(a)(2) is met. The focus of the typicality requirement is the "similarity between the named plaintiff's legal and remedial theories and the theories of those whom they purport to represent.'" *Mullen v. Treasure Chest Casino,* L.L.C., 186 F.3d 620, 625 (5th Cir. 1999) (quoting *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)). *See also, Vaughan v. American Honda Motor Co.*, 2007 U.S. Dist. LEXIS 76150 at *11 (E.D. Tex., September 28, 2007).   In the present case, Plaintiff

alleges that all of the Class members were mailed the same form letter containing the alleged violation. Accordingly, the typicality requirement of Rule 23(a)(3) presents no obstacle to the certification of a Class for settlement purposes.

        d.    <u>Adequacy of Representation</u>. The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations: (i) whether the plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (ii) whether the plaintiff has any interests antagonistic to the Class. *General Tel. Co. v. Falcon,* 102 S.Ct. 2364, 2370 n.13 (1982).

        Class Counsel are experienced in class action and FDCPA litigation. In addition, as Plaintiff has shown through her prosecution of this matter, she has no interests which are antagonistic to the Class members. Plaintiff has negotiated a settlement that provides for a substantial benefit to the Class. Therefore, Plaintiff and her counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4).

        e.    <u>Predominance and Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case. The common question of whether Defendant's form letter violated the FDCPA predominates over any individual issues. Furthermore, a class action is the superior means of resolving these issues, as the alternative would be an excess of additional lawsuits all raising the identical allegations.

        7.    Plaintiff requests that the Court set the following schedule for the proposed Settlement Agreement:

(a)      Within 10 days of filing this motion, Defendant shall serve upon the appropriate State official of each State in which a class member resides, the appropriate Federal official, and class counsel, the notice required under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b).

(b)      Within thirty (30) days from the entry of the Preliminary Approval Order Defendant shall cause actual notice, in the form of <u>Exhibit A</u> to the Agreement, to be sent to the last known address of the class members according to Defendant's records.

(c)      Class members shall have forty-five 45 days to opt out or object to the proposed settlement.

(d)      A deadline approximately seven (7) days prior to the final approval hearing for the parties to submit memoranda in support of Final Approval of the Settlement and for Defendant to file a certification of compliance with the notice requirements of the CAFA.

(e)      A fairness hearing date approximately 90 days following the deadline for Defendant to cause to be issued notice to the Class members, which complies with the time frames prescribed by CAFA.

WHEREFORE, Plaintiff respectfully requests that this Court enter a preliminary approval order in the form of <u>Exhibit B</u> to the Agreement which (i) grants preliminary approval of the proposed Class Settlement Agreement (ii) approves the form of the Class notice attached to the Agreement as <u>Exhibit A</u>, (iii) designates Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel, and (iv) sets dates for opt-outs, objections, and a hearing for final approval.

Respectfully submitted,


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
IL I.D. 712094
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on November 3, 2011, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notification of such filing the following parties via email:

Kevin M. O'Hagan
James W. Davidson
O'Hagan Spencer LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601

s/Daniel A. Edelman
Daniel A. Edelman