IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACKIE SKUSENAS, on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a Texas limited liability partnership,<br><br>Defendant. | 10-cv-8119<br><br>Judge Darrah<br><br>Magistrate Judge Cox |

### FINAL APPROVAL ORDER

1. On November 17, 2011, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendant. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to approximately 32,061 class members (counting couples and other joint persons as a single class member). A total of 178 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 16 envelopes were returned and re-mailed to a forwarding address. Nine class members requested exclusion and no objections were filed or received.

2. Within ten days of filing the proposed settlement with the Clerk of the Court Defendant complied with the requirements of 28 U.S.C. § 1715 (Notifications to appropriate Federal and State officials).

3. On March 1, 2012, the Court held a fairness hearing to which class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby ORDERS:

4. The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

5. The Court finds that the Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed compensation to the Class, the proposed compensation to the Class Representative, the proposed payment to Class Counsel, the method by which they could opt out, and the method by which they could object to the Settlement.

6. The Court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties, including the release and the following terms:

    a. Defendant shall pay $88,000 to settle the claims of the Class. At the request of counsel, late and unsigned claim forms shall be included;

    b. Defendant shall pay Plaintiff $2,000.00 in settlement of her claims and for her role as Class Representative. Defendant agrees to release Plaintiff's alleged Cook County Hospital Debt.

    c. All payments due under this Agreement, including payments due for attorney's fees and costs shall be made within seven (7) days of the Court granting Final Approval of this Agreement. Edelman, Combs, Latturner & Goodwin, LLC is to hold said payments in trust in the Edelman, Combs, Latturner & Goodwin Client Trust Account until the Effective Date. Within ten (10) business days of the effective date, Edelman, Combs, Latturner & Goodwin, LLC, is to

deliver the Settlement Fund (which excludes the attorney's fees and Plaintiff's recovery) to a third party administrator to distribute the Settlement Fund to class members who timely return a claim form. If an appeal is filed, or other pleading seeking review or rehearing of the Final Approval Order or the Dismissal With Prejudice Order, is filed then Edelman, Combs, Latturner & Goodwin, LLC, will continue to hold all of the payments received from Defendant in trust until ten (10) business days after the date upon which all appellate and other proceedings resulting from such pleadings (including the time for filing all petitions for rehearing and for appeal to the United States Supreme Court) have been finally terminated in such a manner which approves the Court's Final Approval Order and permits the Final Approval Order to take effect. If the Court's Final Approval Order thereafter takes effect (if this Agreement becomes effective, as defined herein), then Edelman, Combs, Latturner & Goodwin, LLC, will transfer the funds to the third party administrator to issue checks to class members who submitted valid and timely claim forms.

    d. Any checks that have not been cashed thirty (30) days after the void date, which shall be ninety (90) days from the date of issuance of the checks, will be donated to Chicago Law and Education Foundation as a *cy pres* award.

    e. Plaintiff's counsel has petitioned the Court for attorneys' fees, costs and expenses of this lawsuit, in an amount of $45,000. The Court awards attorney's fees and costs in the total amount of $45,000, to Edelman, Combs, Latturner & Goodwin, LLC.

7. For Plaintiff, her assigns, heirs, successors and personal representatives do hereby release and forever discharge the Defendant, all Linebarger Goggan Blair & Sampson, LLP's, partners, employees, subsidiaries and affiliates, their attorneys and their insurer ("the released parties") of

and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, based on state or federal law, under any legal theory. This release is conditioned on the final approval of the Agreement by the Court and the Defendant meeting its obligations therein.

8. Each Class Member not opting out as of the Effective Date, their assigns, heirs, successors, and personal representatives do hereby release and forever discharge the Defendant, all of the Defendant's, partners, employees, subsidiaries and affiliates, their attorneys, insurers, and the original creditor (only to the extent that the original creditor is released on account of the actions taken by Defendant and at issue in this litigation) ("the released parties") from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, which the class now has or ever had against the released parties, arising out of or relating to the claims that were asserted or alleged in the Complaint on behalf of the Class and/or arising out of the released parties' use of collection letters in the form represented by <u>Exhibit A</u> to the Complaint. This Agreement and release do not address the validity of the debts allegedly owed by the Class Members. Class Members do not release their right to dispute any alleged debt, or any part of an alleged debt. This release is conditioned on the final approval of the Agreement by the Court and the Defendant meeting its obligations therein. Specifically excluded from this release are any claims based on improper service by the original creditor, including, without limitation, medical malpractice claims.

9. Class Members do not waive or release any defense available to them in defense of any collection proceeding, or their right to dispute the debt or any portion thereof.

10. Nothing herein shall prevent the Defendant from continuing to attempt to collect the debts allegedly owed by the Class Members.

11. The Court finds the Settlement Agreement fair and made in good faith.

12. The Court dismisses the claims of Plaintiff and the class against Defendant and the Released Parties with prejudice and without costs (other than what has been provided for in the Settlement Agreement).

DATE: 3-1-12

_____
The Honorable John W. Darrah
United States District Judge